■ ABBIE B. MILES et al., Individually and as Deacons, Trustees and Members of EBENEZER BAPTIST CHURCH, INC., et al., Respondents, v. ANACIN W. WILSON, Individually and as Pastor of EBENEZER BAPTIST CHURCH, INC., Appellant.— Appeal from a judgment entered after trial before a Special Referee enjoining appellant from continuing as pastor of the Ebenezer Baptist Church and from interfering in any way with its property, funds or worship, and directing him to deliver up to the respondents the church books, papers and property in his possession. Judgment affirmed, with costs. No opinion. Wenzel, Beldock, Ughetta and Hallinan, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: Pursuant to the stipulation of the parties, the questions in dispute between appellant and respondents were to be settled at a meeting of the congregation. It was implicit in that stipulation that the qualifications of the members of the congregation who were to vote on the questions to be submitted were to be determined according to the church law recognized by, and the policies, customs, usages, rules and regulations of, the Ebenezer Baptist Church. No power to determine such questions, except in accordance with the law of the church, was reserved to the Referee. It was established by the testimony of witnesses that according to ecclesiastical law, as recognized in the Ebenezer Church, and according to such rules and regulations, all members of the congregation were permitted to vote, without distinction because of sex, age, or other condition. It was for the congregation to determine whether persons desiring to become members had sufficient capacity to understand mat-

ters of doctrine and other questions which might come before the congregation for determination. Once such persons were accepted as members, and even though they might appear to others, outside of the congregation, to lack qualification, they had equal rights with all other members. This appears to have been recognized by the parties with respect to those who voted against appellant on the questions submitted. It was error therefore for the learned Referee to exclude the ballots of those who voted in favor of appellant and who appeared to be otherwise qualified, merely because they were not of full age or did not appear to him to have a sufficient understanding of the questions submitted. No reason was given by the learned Referee for rejecting three ballots nor have those who cast such ballots been identified. The ballots of Henry Wynne and Norma Mitchell appear to have been erroneously excluded because they were not of age. It does not appear whether the ballots of Barbara Stewart, Linda Stewart and Shirley Stewart were held to be invalid because of the fact that they were not of age, lacked comprehension of the nature of the dispute, or were not members of the congregation on September 10, 1957. In my opinion the evidence established that they were such members on September 10, 1957 and that by reason of such membership they were entitled to vote pursuant to ecclesiastical law as recognized by the congregation. In addition, the evidence established that Edith Brown, Phyllis Blake and William Powell were all members of the congregation on that date and that they voted at the meeting in favor of appellant. No reason appears why their ballots should have been held to be invalid. There should have been added, to the 31 unchallenged ballots in favor of appellant, the 7 challenged ballots found by the Referee to be valid, the 3 unidentified ballots held to be invalid, for which no reason was given, and the 8 identified ballots hereinbefore referred to, which were held invalid. The result of the vote would then have been 44 against appellant and 49 in his favor and, in accordance with the terms of the stipulation between the parties, the complaint should have been dismissed.